**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **B.H., A Minor Student, by and through** | ) | |
| **His parent L.H., and L.H., Individually,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **V.** | ) | **No. 18-cv-01086-STA-jay** |
| | ) | |
| **OBION COUNTY BOARD OF** | ) | |
| **EDUCATION** | ) | |
| **d/b/a OBION COUNTY SCHOOLS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER DENYING MOTION TO STRIKE OR, IN THE ALTERNATIVE,**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

On May 9, 2018, Plaintiff B.H., a minor, filed this action through his parent, L.H., and L.H. filed in her individual capacity. Plaintiffs asserted five claims against Obion County Board of Education d/b/a Obion County Schools: discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, discrimination and retaliation under Section 504 of the Rehabilitation Act, 29 U.S.C. §794 *et seq.*, and retaliation under the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983. A scheduling order entered on August 17, 2018, set the deadline for filing dispositive motions as May 9, 2019. (ECF No. 17.) The order stated that "[a]bsent good cause shown, the deadlines set by this order will not be modified or extended."[1] (*Id.* at p. 2.) The deadline for filing dispositive motions was extended on

---

[1] *See also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")

1

May 1, 2019 (ECF No. 41), until August 8, 2019. Defendant's motion for summary judgment was denied on December 10, 2019.  (ECF No. 57.) Due to matters related to the COVID-19 pandemic, the trial was continued until September 27, 2021, with the pretrial conference set for September 17 and the pre-trial order due September 10.  (ECF No. 73.)

On August 4, 2021, more than three years after the filing of the complaint, two years after the expiration of the dispositive motion deadline, and less than two months before the trial date, Defendant filed a motion to strike or for judgment on the pleadings on Plaintiffs' claim for compensatory damages and demand for a jury trial under the ADA's retaliation provision.  (ECF No. 74.)  Defendant has offered no explanation as to why it has filed its motion beyond the dispositive motion deadline.[2]  At most, perhaps as a way of explaining why it did not file its motion in a timely fashion, Defendant claims that "the Western District of Tennessee **recently** held that the majority view (i.e., that compensatory damages and jury trial are not available under the ADA's retaliation provision) is controlling." (Def's Mem. at p. 4, ECF No. 74-1 (emphasis added)). Defendant cites *Chapman v. Olymbec U.S., LLC*, No. 2:18-cv-02842 at *16 (W.D. Tenn. 2020), as the "recent" case on which it relies. To the contrary, rather than being recent, the issue in *Chapman* was decided on April 24, 2020.  (*Id.* at ECF 46.)  Therefore, Defendant cannot rely on a "recent" change in case law to explain its tardiness in filing this motion.  *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause'

---

[2]  *See Williams v. United States*, 754 F. Supp. 2d 942, 945–46 (W.D. Tenn. 2010) (stating that a motion for judgment on the pleadings is a dispositive motion and citing *Fitts v. Sicker*, 232 F. App'x 436, 439 (6th Cir. 2007) (referring to a motion for judgment on the pleadings as a dispositive motion), and *Ogle v. Church of God*, 153 F. App'x 371, 375 (6th Cir. 2005) (noting that a "Rule 12(c) motion is a decision on the merits")).

2

standard is the moving party's diligence in attempting to meet the case management order's requirements.")

Moreover, Defendant acknowledges in its memorandum that another court in this district, *Baker v. Windsor Republic Doors*, 635 F. Supp. 2d 765, 767-71 & n.3 (W.D. Tenn. 2009), has held to the contrary, i.e., that compensatory damages and a jury trial are available under the ADA's retaliation provision. (Def's Mem. at p. 4, ECF No. 74-1.) Neither the order in *Williams* nor *Baker* is outcome determinative in the present case. *See Camreta v. Greene*, 563 U.S. 692 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citation omitted)). Accordingly, the Court finds that Defendant has been dilatory in filing its motion.

Allowing Defendant to file its motion at this late date would almost certainly require a continuance of the trial and would prejudice Plaintiffs who have already waited three years to have their day in court. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings.") Plaintiffs' response to the motion would not be due until September 2, and the reply would not be due until September 16, one day before the pre-trial conference and eleven days before the trial, leaving the Court little time to decide the motion prior to trial. Not knowing the Court's decision as to the issues raised by Defendant would inhibit Plaintiffs' ability to prepare for trial.

The Court finds that Defendant is, in effect, asking the Court to modify the dispositive motion deadline and, therefore, under the scheduling order and Fed. R. Civ. P. 16(b)(4), must demonstrate "good cause" for allowing the filing of the untimely motion. Defendant has not only not shown good cause, it has offered no explanation as to why the dispositive motion deadline should be extended. Because Defendant has not shown good cause for filing its motion after the

3

expiration of the dispositive motion deadline, the motion is **DENIED**. *See Riggins v. Walter*, 279 F.3d 422, 427-28 (7th Cir. 1995) ("[A] Rule 12(c) motion may be brought after the dispositive motions deadline if the moving party complies with the requirements of Rule 16(b) and if it will not delay trial."); *Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. 2010) (applying "Rule 16's fairly stringent" good cause standard when considering a request to file a Rule 12(c) motion after the dispositive motion deadline had passed); *Winter Enterprises, LLC v. W. Bend Mut. Ins. Co.*, 2019 WL 3413907, at *2 (S.D. Ohio July 29, 2019) (applying Rule 16(b)'s good cause standard to a party's "motion for judgment on the pleadings [filed] ... over two months after the deadline for dispositive motions").

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  August 5, 2021

4