IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| B.H., A Minor Student, by and through His parent L.H., and L.H., Individually, <br><br>   Plaintiffs, <br><br> V. <br><br> OBION COUNTY BOARD OF EDUCATION d/b/a OBION COUNTY SCHOOLS, <br><br>   Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   No. 18-cv-01086-STA-jay |

## ORDER ON MOTIONS IN LIMINE

Plaintiff B.H., a minor, filed this action through his parent, L.H., and L.H. has brought claims in her individual capacity against Obion County Board of Education d/b/a Obion County Schools asserting discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, discrimination and retaliation under Section 504 of the Rehabilitation Act, 29 U.S.C. §794 *et seq.*, and retaliation under the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983.  Trial is set for September 27, 2021.

Defendant has filed three motions in limine (ECF Nos. 78, 80, 81), and Plaintiffs have filed responses to the motions.  (ECF Nos. 86-88.)  For the reasons set forth below, Defendant's motion to exclude DCS audio recording (ECF No. 78) is **DENIED**; the motion to exclude evidence regarding supervision of students (ECF No. 80) is **GRANTED** to the extent that it involves written

Board of Education policies or questioning of Defendant's employees as to those policies, however, L.H. may testify that she complained to Defendant's employees that B.H. was not being properly supervised at the time of the incident; and Defendant's motion to exclude evidence regarding the DCS investigation (ECF No. 81) is **DENIED**.

A motion in limine refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce*, 469 U.S. at 41 n.4). The purpose of such a motion is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). Because rulings on motions in limine and other pretrial matters are "subject to change as the case unfolds," these rulings constitute a preliminary determination in preparation for trial. *Luce*, 469 U.S. at 41; *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). In disposing of a motion in limine, the guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

The background of this matter, as it relates to the pending motions, is as follows.[1] During the 2016-2017 school year, B.H. was a Pre-K student at Black Oak Elementary School in Obion County, Tennessee. B.H. attended Pre-K pursuant to the terms of an Individual Education Program ("IEP") under the Individuals with Disabilities in Education Act. B.H. has Attention Deficit Disorder/Attention-Deficit Hyperactivity Disorder Type III (ADD/ADHD Type III), Post-

---

[1] The facts are stated for the purpose of deciding these motions.

Traumatic Stress Disorder, and Disruptive Mood Dysregulation Disorder, and he is the victim of sexual abuse by an adult male family member.

During the 2016-2017 school year, Melissa Jones was the Pre-K teacher at Black Oak Elementary School. On May 15, 2017, during recess, Ms. Jones saw B.H. and another student, "John Doe," in an open top playhouse located on the playground and suspected that the students were engaged in inappropriate behavior. Ms. Jones asked John Doe what was going on, and he replied that B.H. was "touching him in his pants."

B.H. was taken to the principal's office and remained there until L.H. picked him up after school. When L.H. arrived at school to pick up B.H., Ms. Jones asked L.H. to meet with her and the school principal, Travis Johnson, about the situation. Mr. Johnson told L.H. that B.H. would not be allowed to go to "Water Day" the next day as punishment for the incident.[2]

L.H. left the meeting and the school but then returned. L.H. was upset and was crying. She stated that she did not think taking Water Day away from B.H. was an appropriate punishment in light of his disabilities. During the second meeting, Mr. Johnson advised L.H. that B.H. would be suspended for the remainder of the school year. L.H. was upset and told Ms. Jones and Mr. Johnson that she would be contacting an attorney and advocate to ensure that her son's rights were adequately protected. She also requested another meeting so that she could get his IEP changed.

The next day, Ms. Jones contacted the Tennessee Department of Children's Services ("DCS") and reported the incident that occurred on the playground. Ms. Jones reported to DCS that B.H. had a history of being sexually abused and that L.H. had advised the school that B.H.

---

[2] "Water Day" was a day at the end of the school year during which the Pre-K students were permitted to play on a slip-and-slide and play other water-related games.

had displayed sexual behavior with other children.  Ms. Jones also reported that B.H. had admitted putting his hands down John Doe's pants; however, Ms. Jones did not report that John Doe had also admitted to putting his hands in B.H.'s pants.

During Ms. Jones' conversation with the DCS representative, she was asked whether there were any concerns about substance abuse in B.H.'s home.  Ms. Jones reported that L.H. had advised school officials that B.H.'s father had issues with substance abuse at the beginning of the school year but, during the prior day's meeting, L.H. stated that he was "not doing that stuff anymore."  Ms. Jones described L.H.'s behavior as being "erratic" during the May 15, 2017 meeting and reported that she was concerned that L.H. might be using drugs.  On May 17, 2017, a DCS representative visited the home of L.H. and B.H.  The representative inquired about the incident that occurred on the playground.  The representative advised L.H. that the report stated that "the mother appeared to be under the influence of substance abuse."

As a result of the allegations to DCS of drug use on the part of L.H. made by Ms. Jones on May 16, 2017, the DCS representative requested that L.H. submit to a drug screen.  L.H.'s results were negative for drug use, and DCS closed the case.

Defendant's Motion in Limine to Exclude DCS Audio Recording

Defendant contends that the audio recording of Ms. Jones' report to DCS is not relevant to Plaintiffs' claims and will result in undue delay by presenting cumulative evidence.  Defendant argues that playing the audio recording for the jury is unnecessary because neither party disputes that the report was made. Defendant also contends that the statements made by Ms. Jones during the call are inadmissible hearsay because she was not testifying under oath.

4

Plaintiffs have alleged that Ms. Jones made the report in retaliation for L.H.'s advocacy on behalf of B.H. and that the incident on the playground did not necessitate a report to DCS. They also contend that, even if the incident did require a report, Ms. Jones' report went beyond the playground incident and that Ms. Jones made false and irrelevant accusations about Plaintiffs, including that L.H. was abusing drugs.

"[A] report of child abuse - even if it is not materially false and there is evidence in the record that could support a 'reasonable basis' to suspect child abuse - is actionable if the reporter actually made the report 'at least in part' for retaliatory motives." *Wenk v. O'Reilly,* 783 F.3d 585, 595 (6th Cir. 2015). The trier of fact could find, based on the contents of the audio recording, that during her phone call to DCS Ms. Jones repeated L.H.'s threat to sue the school system and get an advocate to get B.H.'s IEP changed, and she asked the DCS worker not to put anything in the report about the IEP. The trier of fact could find that the inclusion of information in the phone call concerning threats of litigation against the school system and requests for IEP revisions is evidence of a retaliatory motive for making the call. Therefore, the audio recording itself is relevant to Plaintiffs' claims of retaliation.

The Court is not persuaded by Defendant's argument that the statements made by Ms. Jones are hearsay in that the statements will be offered to prove the truth of the matter asserted. To the contrary, Plaintiffs do not contend that the statements made by Ms. Jones were true. Instead, they contend that the statements were false and were made with the intent to retaliate against L.H. Plaintiffs will offer the audio recording as evidence that the statements were made – not that the statements were true. Accordingly, the audio recording will be allowed into evidence, and Defendant's motion in limine is denied.

Defendant's Motion in Limine to Exclude Evidence Regarding Supervision of Students

Defendant also seeks to exclude evidence that Defendant was negligent in its supervision of B.H. and John Doe on the playground on May 15, 2017. Defendant points out that Plaintiffs have not brought a claim of negligent supervision. The Court agrees with Defendant that the issue of whether Defendant appropriately supervised B.H. on the playground is not relevant to determine whether B.H. is disabled, whether he was "otherwise qualified" for participation in the remainder of the school year, whether he was excluded from participation in the remainder of the school year solely by reason of his disability, or whether Defendant receives federal financial assistance. Therefore, the issue of whether B.H. and John Doe were appropriately supervised is irrelevant to Plaintiffs' discrimination claim, and the Court grants Defendant's motion to the extent that it involves written Board of Education supervision policies or questioning of Defendant's employees as to those policies.

However, testimony by L.H. that she complained to Defendant's employees that B.H. was not being properly supervised at the time of the incident may be relevant to establish her retaliation claim.

Defendant's Motion in Limine to Exclude Evidence Regarding the DCS Investigation

Defendant also moves to exclude evidence of the DCS investigation, including evidence that L.H. was required to submit to a drug screen. Defendant contends that this evidence is not relevant to prove Plaintiffs' claims and is unfairly prejudicial. The Court disagrees. As noted by Plaintiffs, the actions of DCS in appearing at the home and drug testing L.H. are evidence of an adverse action and also are relevant to the issue of damages, i.e., humiliation and emotional distress.

6

Defendant also contends that statements in the investigative file are inadmissible hearsay. Again, as noted above, statements made by school personnel to DCS about Plaintiffs may be offered to show that the statements were made. If Plaintiffs offer any statements in the investigative file for the truth of the matter asserted, Defendant may make a contemporaneous objection, and the Court will consider the objection at that time.

**IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          CHIEF UNITED STATES DISTRICT JUDGE

                                          Date:  September 21, 2021