IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| B.H., A Minor Student, by and through His parent L.H., and L.H., Individually,  )<br><br>Plaintiffs,  )<br><br>V.  )<br><br>OBION COUNTY BOARD OF EDUCATION d/b/a OBION COUNTY SCHOOLS,  )<br><br>Defendant.  ) | No. 18-cv-01086-STA-jay |

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT
AND
DENYING MOTION FOR NEW TRIAL

Plaintiff B.H., a minor, filed this action through his parent, L.H., and L.H. individually brought claims against Obion County Board of Education d/b/a Obion County Schools asserting discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, discrimination and retaliation under § 504 of the Rehabilitation Act, 29 U.S.C. §794 *et seq.*, and retaliation under the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983.  A trial of the matter was held on September 27 - 28, 2021.  The jury returned a verdict in favor of Plaintiffs and awarded B.H. $3,500 on his claim of discrimination under the ADA and the Rehabilitation Act and in favor of L.H., on her claim of retaliation under the ADA and the Rehabilitation Act in the amount of $60,000 and in favor of

L.H. on her First Amendment claim under 42 U.S.C. § 1983 in the amount of $25,000. Judgment was entered against Defendant in the total amount of $88,500. (Amd. J. ECF No. 118.)

Defendant has now filed a motion to alter or amend the judgment (ECF No. 109) and a motion for new trial or, in the alternative, motion for remittitur. (ECF No. 111.) Plaintiffs have responded to the motions. (ECF Nos. 114, 116.) For the reasons set forth below, Defendant's motions are **DENIED**.

In both motions, Defendant again raises the issue of whether Plaintiffs were entitled to compensatory damages or a jury trial on their ADA retaliation claim. As outlined by Defendant, prior to the trial, Defendant filed a motion to strike, or, in the alternative, motion for judgment on the pleadings and argued that Plaintiffs were not entitled to compensatory damages or a jury trial on their ADA retaliation claims. The Court denied the motion on the ground that it was untimely. However, at the pre-trial conference on September 21, 2021, the Court *sua sponte* raised the issue of Plaintiffs' entitlement to compensatory damages and a jury trial on their ADA retaliation claims. The Court ordered the parties to submit written briefs on this issue, which the parties did. The issue was not raised again, either by the Court or by the parties, and Plaintiffs' ADA retaliation claims were submitted to the jury without objection. As noted above, the jury found in favor of Plaintiff L.H. on this claim and awarded her compensatory damages.

In the present motions, Defendant contends that the ADA retaliation compensatory damages award should be struck because that claim should not have been submitted to the jury. Defendant argues that this Court's recent ruling in *Valecia Bolden v. Lake County Board of Education*, No. 1:19-cv-01262-STA-jay, supports its argument. In *Bolden*, this Court held that "the remedies provision of § 12203(c) of the ADA does not allow for compensatory damages in employment retaliation cases and…Congress clearly left ADA retaliation off of its list of ADA claims for which

compensatory damages are available under 42 U.S.C. § 1981a." Therefore, the Court reasoned, the plaintiff was not entitled to recover compensatory damages for her ADA retaliation claim.

Defendant has misread the Court's ruling in *Bolden*. As the language quoted above sets out, the ADA does not allow for compensatory damages in **employment retaliation cases**. The plaintiff in *Bolden* was employed by the defendant school system. The plaintiffs in the present case were not employees of the defendant school system. Defendant has failed to note this distinction which is key to the Court's determination that compensatory damages and a jury trial were available to present Plaintiffs but were not available to the *Bolden* plaintiff.

In *Bolden*, this Court gave an overview of the structure of the ADA.

> "To effectuate its sweeping purpose, the ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act, 42 U.S.C. § 12111–12117), public services (Title II, §§ 12131–165), and public accommodations (Title III, §§ 12181–12189)." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675, n.21-23 (2001) (footnoted citations included in quotation). The ADA's anti-retaliation provision, 42 U.S.C. § 12203, is found in Title IV, the ADA's "Miscellaneous Provisions" subchapter. Section 12203(c) defines the available remedies and procedures for acts of ADA retaliation but does so by cross-referencing the enforcement provisions under other Titles of the ADA. "The remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for [retaliation], with respect to subchapter I, subchapter II and subchapter III, respectively." 42 U.S.C. § 12203(c). Section 12117 defines the remedies under Title I of the ADA for disability discrimination in employment, section 12133 the remedies under Title II for discrimination in public services, and section 12188 the remedies under Title III for discrimination in public accommodations and services operated by private entities. Section 12203(c)'s reference to "subchapter I, subchapter II and subchapter III, respectively" refers to the subchapters or titles of the ADA addressed to employment (Title I), public services (Title II), and public accommodations and services operated by private entities (Title III). The Court therefore construes section 12203(c) to grant remedies for retaliation, each depending on the context in which the retaliation occurred: employment, public services, or public accommodations and services operated by private entities, respectively.

*Bolden v. Lake Cty. Bd. Of Educ.*, No. 1-19-cv-1262-STA-jay, 2021 WL 4930318, at *12 (W.D. Tenn. Oct. 21, 2021). Because *Bolden* involved retaliation in the employment context, the Court

looked to Title I to determine what remedies were available to the plaintiff. Here, the Court looks to Title II for available remedies.

As explained above, the remedies for retaliation under Title II are found at §12133 (instead of Title I's reference to 42 U.S.C. §12117). Section 12133 cites 29 U.S.C. § 794a which at § 794a(a)(2) provides for all remedies available for race discrimination under 42 U.S.C. §2000d ("Title VI"). *Doe v. Blue Cross Blue Shield of Tenn.*, 926 F3d 235 (6th Cir. 2019), interpreted *Barnes v. Gorman*, 536 U.S. 181, 189 (2002), as holding that Title VI, Title IX, and the Rehabilitation Act provide for compensatory damages. Accordingly, this Court did not err in submitting the issue of compensatory damages on Plaintiffs' ADA retaliation claims to the jury.[1]

Furthermore, as noted by Plaintiffs, Defendant did not object to the jury instructions and the jury verdict form at the charge conference. The Court provided proposed jury instructions and a proposed jury verdict form to both parties for their review. The proposed verdict form clearly indicated that the ADA and the § 504 Rehabilitation Act retaliation claims would be submitted to the jury. At the charge conference, both parties confirmed they had had time to review both the jury instructions and the jury verdict form. Neither party made any objection.

This Court has previously explained that "[i]n the Sixth Circuit, to preserve objections to jury instructions, a party must not only object prior to the court's charge to the jury, it must renew those objections after the jury receives its instructions." *EEOC v. New Breed Logistics*, 962 F.Supp.2d 1001, 1008 (W.D. Tenn. 2013); *Scott v. Miller*, 361 F. App'x 650, 653 (6th Cir. 2010)

---

[1] Defendant does not argue that Plaintiff was not entitled to compensatory damages under the Rehabilitation Act, but, instead, that, because the verdict form combined Plaintiff L.H.'s retaliation claims under the ADA and the Rehabilitation Act, "there is no way to determine whether the $60,000.000 awarded to L.H. was for her ADA retaliation claim, her Rehabilitation Act claim, or both." (Mem. p. 3, ECF No. 111-1.)

4

("The law in this circuit generally requires a formal objection, which should in most circumstances be made both before and after the jury instructions are read to the jury."). Parties must object substantively on the record, "stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1). *See Libbey–Owens–Ford Co. v. Ins. Co. of N. Am.*, 9 F.3d 422, 427 (6th Cir. 1993) (explaining that "objections must be sufficiently specific to enable the trial court to follow them if well taken").

Post-trial challenges to jury instructions are reviewed for plain error when the moving party did not object during trial. Fed. R. Civ. P. 51(b)-(d). When reviewing for plain error, a court should consider whether "as a whole, the jury instructions were so clearly erroneous as to likely produce a grave miscarriage of justice." *United States v. Semrau*, 693 F.3d 510, 527–28 (6th Cir. 2012) (internal quotation omitted). Under this standard, a new trial is necessary if the challenged instruction renders the set of instructions, as a whole, misleading, legally inadequate, or confusing. *New Breed Logistics*, 783 F.3d at 1074–75. In this case, Defendant has made no showing that the instructions given to the jury were "misleading, legally inadequate, or confusing."

In summary, Defendant's motion to alter or amend the judgment (ECF No. 109) and motion for new trial or, in the alternative, motion for remittitur (ECF No. 111) are without merit and are **DENIED**.

    **IT IS SO ORDERED**.

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON
    CHIEF UNITED STATES DISTRICT JUDGE

    Date:  November 22, 2021.