IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| B.H., A Minor Student, by and through His parent L.H., and L.H., Individually, <br><br> Plaintiffs, <br><br> V. <br><br> OBION COUNTY BOARD OF EDUCATION d/b/a OBION COUNTY SCHOOLS, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 18-1086-STA-jay |

**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES**

Plaintiff B.H., through his parent, L.H., and L.H., as an individual, filed this action against Obion County Board of Education d/b/a Obion County Schools asserting claims of discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, discrimination and retaliation under § 504 of the Rehabilitation Act, 29 U.S.C. §794 *et seq.*, and retaliation under the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983.  A trial of the matter was held on September 27 - 28, 2021.  The jury returned a verdict in favor of Plaintiffs and awarded B.H. $3,500 on his claim of discrimination under the ADA and the Rehabilitation Act and in favor of L.H., on her claim of retaliation under the ADA and the Rehabilitation Act in the amount of $60,000 and in favor of L.H. on her First Amendment claim under 42 U.S.C. § 1983 in the amount of $25,000.  Judgment was entered against Defendant in the total amount of $88,500.  (Amd. J. ECF No. 118.)

Plaintiffs have filed a motion for attorney's fees and related expenses.[1] (ECF No. 113.) Defendant has responded to the motion objecting to the amount sought. (ECF No. 119), and Plaintiffs have filed a reply to the motion. (ECF No. 120.) For the reasons set forth below, Plaintiffs' motion is **GRANTED**.

Pursuant to Federal Rule of Civil Procedure 54(d)(2), attorney's fees and related expenses are available by motion upon a showing of the judgment and statute that entitles the movant to the award and a statement or fair estimate of the amount of such an award. In the present case, § 504 and the ADA provide for the payment of a prevailing plaintiff's attorney's fees and litigation expenses, 29 U.S.C. § 794a(b); 42 U.S.C. § 12205; 42 U.S.C. § 1988(b); 28 C.F.R. § 35.17, as do § 1983 and the First Amendment. 42 U.S.C. § 1988(b), (c).  The Supreme Court has directed that "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citation omitted).  There are no such circumstances in the present case.

"The most useful starting point for determining the amount of a reasonable fee is" the lodestar amount - "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. Calculating the lodestar amount "does not end the inquiry," however. *Id.* at 434. "There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* Factors that "may be relevant in adjusting the lodestar amount," *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989), are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment due to acceptance of the case by the attorney; (5) the customary fee; (6) whether the

---

[1] The motion for supplemental attorney's fees (ECF No. 122) is not addressed in this order.

fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship between the attorney and the client; and (12) awards in similar cases. *Barnes v. City of Cincinnati*, 401 F.3d 729, 745-46 (6th Cir. 2005). The Supreme Court and the Sixth Circuit have cautioned that "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004) (quoting *Hensley*, 461 U.S. at 434 n.9).

In the present case, there is no dispute that Plaintiffs are the prevailing party. Plaintiffs request the lodestar amount in the amount of $140,085. This amount is arrived at by multiplying the number of hours expended by their attorneys on this matter (157.8 hours by Attorney Justin Gilbert) by his hourly rate ($450 per hour) for a total of $71,010 in billable time, and (230.25 hours by Attorney Jessica Salonus) by her hourly rate ($300 per hour) for a total of $69,075. Plaintiffs do not seek an upward adjustment to the lodestar amount. Plaintiffs also seek $582.93 in expenses for Attorney Gilbert and $3,240.54 in expenses for Attorney Salonus. Defendant does not object to the amount of expenses sought. Plaintiffs request $143,908.47 in combined fees and expenses.

The Court has reviewed the detailed time sheets provided by Plaintiffs' counsel (ECF Nos. 113-2, 113-3) and the information they have submitted concerning the reasonableness of their hourly rates and finds that both the amount of time expended and counsels' hourly rates are reasonable, even though Defendant objects to Attorney Gilbert's hourly rate of $450 and some of the activities for which compensation is claimed.[2]

---

[2] Defendant does not object to Attorney Salonus' hourly rate.

A reasonable hourly rate for an attorney is calculated according to the prevailing market rates in the community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-9688 (1984). In support of his hourly rate, Attorney Gilbert has presented the declarations of Attorneys Michael Weinman, Billy Ryan, and Brice Timmons (ECF Nos. 113-4, 113-5, 113-6), all of whom have experience litigating in the Western District of Tennessee. They all attest to the reasonableness of Attorney Gilbert's hourly rate in light of his knowledge and experience in litigating complex, federal civil rights matters – especially those matters involving children such as B.H. who have special needs. Plaintiffs' counsel note that this Court previously approved an hourly rate of $400 for trial work and an hourly rate of $475 for appellate work for Attorney Brian Winfrey in the case of *Peterson v. West TN Expediting, Inc.*, No. 1:18-cv-01164-STA-jay (W.D. TN. 2020). Attorney Winfrey has fifteen years' experience, as opposed to Attorney Gilbert's thirty-two years' experience. The Court finds that $450 an hour for someone with Attorney Gilbert's knowledge, training, and experience is reasonable in the present case and in this market.

As for the number of hours claimed, Defendant complains that Attorneys Gilbert and Salonus should not be compensated for "creating timelines, organizing exhibits, and researching case law" (11.25 and 6.75 hours respectively), work which Defendant claims could have been done by an associate or paralegal. In determining the number of hours reasonably expended, "[t]he question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief requested. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1173 (6th Cir. 1990)). "The district court ... should exclude

from [the] initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434. The Court must be guided by its discretion in making this determination because "[t]here is no precise rule or formula" for it to use. *Id.* at 436. "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Here, the Court is not prepared to hold that attorneys cannot be compensated for organizing their own exhibits or researching matters related to the case. Some of the entries complained of directly relate to Plaintiffs' response to Defendant's motion for summary judgment, *see*, *e.g.*, "8/14/2019 – Justin S. Gilbert – Legal research to respond to Obion County's motion for summary judgment; dictate memo. 3.0 hrs"; "9/4/2019 – Justin S. Gilbert – Research on application of 'honest belief' asserted in D's motion for summary judgment where D's reporting witness exaggerates facts, i.e. 'lies' about Plaintiff and drug use, etc. while still asserting 'honesty' of belief. 2.25 hrs." This was a critical stage for Plaintiffs in the litigation, and Plaintiffs fully prevailed in defeating Defendant's motion for summary judgment.

Additionally, the Court required the parties to file briefs on the issue of ADA retaliation and entitlement to compensatory damages and a jury. This was a complicated matter, and the Court finds that it was reasonable for Plaintiffs' counsel to perform their own research on this issue. *See Communities for Equity v. Michigan High Sch. Athletic Ass'n*, 2008 WL 906031, at *13 (W.D. Mich. Mar. 31, 2008) ("Due to the significant number of hours rendered overall in this case, the Court accords discretion to the judgment of Plaintiffs' other attorneys in determining that it was reasonable to perform these tasks themselves. By performing this work themselves, Plaintiffs' counsel were likely able to enhance their trial preparation because of their

increased familiarity with the matters." (citing *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1583 (5th Cir.1989) ("Though some of the work done by plaintiff's attorneys arguably could have been done by paralegals, the fact that this work was done by the attorneys will not diminish the fee award as their efforts enhanced trial preparation.")).

Next, Defendant complains that some of the tasks performed by Attorneys Gilbert and Salonus (1.75 hours and 10.5 hours respectively) were "clerical" or "secretarial" in nature and, thus, not compensable. Defendant specifically refers to entries showing counsel reviewing orders, speaking with their client, and preparing/selecting exhibits for trial. Plaintiffs agree that fee requests for tasks that are purely clerical or secretarial in nature are not compensable. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10, 1 (1989). However, they argue, and the Court agrees, that Defendant's definitions of "clerical" and "secretarial" are, perhaps, too broad. For example, in *Herron v. Trenton Special Sch. Dist.*, 2021 WL 3928820, at *2 (W.D. Tenn. Sept. 1, 2021), this Court excluded time sought by the plaintiff's attorneys for "compiling lists of exhibits" and "preparing binders documents." In the present case, 9.25 (out of 10.5) of the hours claimed by Attorney Salonus and objected to by Defendant were for work selecting exhibits for trial and "categorizing" the exhibits by witnesses. The former work in *Herron* was clerical because it did not require legal training or discretion while the work claimed in this case did require such training and discretion. Therefore, the Court finds that it was reasonable for Attorney Salonus to preform this work and bill for it.

The Court will also allow the time spent communicating with Plaintiff L.H. (.75 hours). While a clerk or secretary could possibly have relayed information to Plaintiff, it is not unreasonable for an attorney to communicate with his/her client. *See Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 617 (6th Cir. 2021) ("Nor was it proper to exclude time

6

'gathering information from clients' on the ground that a 'non-lawyer' could have performed that work. Attorneys may communicate directly with their clients; indeed they often must do so.") The remaining time objected to as clerical or secretarial in nature (1.75 hours for Attorney Gilbert and .5 hours Attorney Salonus) is *de minimis*, and, as such, the Court will not address it.

Finally, Defendant objects to time that counsel spent in communication with each other as being unnecessary or duplicative (8.0 hours for Attorney Gilbert and 6.75 hours for Attorney Salonus). Defendant's argument is not persuasive. The approximately fifteen hours spent on in-office communication between co-counsel is not unreasonable for a case that continued over the course of almost four years. *See Rembert*, 986 F.3d at 617 ("Nor was it proper to exclude as 'duplicative' entries for communications between the two attorneys (both of whom are respected members of the employment litigation bar) who represented Rembert and the opt-in class members. To the contrary, co-counsel may consult each other to avoid duplicative work and otherwise to maximize their efficiency and effectiveness.")

For these reasons, the Court finds the lodestar amount to be reasonable. As stated previously, Plaintiffs do not seek an upward adjustment, and the Court does not find any reason for a downward adjustment. *See EEOC v. Dolgencorp, LLC*, 899 F.3d 428, 436 (6th Cir. 2018) (stating that there is a presumption that the lodestar amount is a reasonable fee); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (stating that there is a "strong presumption" that the prevailing party is entitled to its full lodestar fee). Plaintiffs achieved excellent results in light of the facts and circumstances of this case. Plaintiffs fully prevailed on Defendant's motion for summary judgment. At the trial, Plaintiff B.H. prevailed on his discrimination claim, and Plaintiff L.H. prevailed on her retaliation claims and obtained a substantial damages award. *See Waldo v. Consumers Energy Co.*, 726 F.3d 802, 824 (6th Cir. 2013) (upholding an attorney's fee

award because the plaintiff "succeeded on a significant and central issue in the litigation" and in 'remedying a civil rights violation' and 'served as a private attorney general, vindicating a policy that Congress considered of the highest priority'" (citation omitted)).  The fact that Plaintiff B.H. was not successful on one claim does not warrant reducing the attorney's fees.  When, as here, "claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." *Jordan v. City of Cleveland*, 464 F.3d 584, 604 (6th Cir. 2006) (citation omitted).

      The Court concludes that Plaintiffs have met their burden to show the reasonableness of the attorney's fee award and request for payment of expenses that they seek. Consequently, Plaintiffs' motion for attorney's fees is **GRANTED**, and the Court awards Plaintiffs attorney's fees in the amount of $71,010 for Attorney Justin Gilbert and $69,075 for Attorney Jessica Salonus. Expenses are awarded in the amounts of $582.93 for Attorney Gilbert and $3,240.54 for Attorney Salonus for a total of $143,908.47 in combined fees and expenses, plus post-judgment interest from the date of the entry of judgment until the attorney's fee award is paid in full by Defendant.  *See Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 589-91 (6th Cir. 2002) (noting that

the post-judgment interest statute requires payment of interest on an award of attorney's fees as with any other award of damages).[3]

    **IT IS SO ORDERED.**

                                  **s/ S. Thomas Anderson**
                                  S. THOMAS ANDERSON
                                  CHIEF UNITED STATES DISTRICT JUDGE

                                  Date:  November 24, 2021.

---

[3] Post-judgment interest for an attorney's fee award is governed by 28 U.S.C. § 1961(a). In relevant part, § 1961(a) provides, "Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961(a).